An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF TREVA J. HEARNE, BAR NO. 4450.

No. 59563

FILED

JUN 21 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER IMPOSING RECIPROCAL DISCIPLINE

This is a petition under SCR 114 to reciprocally discipline attorney Treva J. Hearne, based on discipline imposed upon her in California. Hearne filed a response to the petition as permitted by SCR 114(3).

Hearne's misconduct resulted from her failure to abide by the conditions of a private reproval imposed by the California State Bar in 2009. Specifically, Hearne was found to have violated California Rule of Professional Conduct (RPC)1-110 (disciplinary authority of the state bar) for failure to comply or failure to timely comply with conditions of her disciplinary probation, including making required reports, contacting her probation officer, attending MCLE classes, and retaking the Multistate Professional Responsibility Examination (MPRE).[1]

On December 10, 2010, the California Supreme Court ordered a stayed one-year suspension for Hearne, along with two years of probation with conditions. Hearne was further ordered to pay the costs of the disciplinary proceedings. Hearne did not self-report this violation to the Nevada State Bar within 30 days as required by SCR 114(1).

---

[1]Nevada's counterparts are RPC 3.4(c) (fairness to opposing party and counsel) and RPC 8.1 (bar admission and disciplinary matters).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-18293

SCR 114(4) provides that this court shall impose identical reciprocal discipline unless the attorney demonstrates, or this court finds, that one of four exceptions applies. None of the exceptions is present in this case.

Accordingly, we grant the petition for reciprocal discipline. Attorney Treva J. Hearne is hereby suspended from the practice of law for one year, with that suspension stayed, and placed on probation for two years. Hearne shall provide to the State Bar proof that she has passed the MPRE and proof of compliance with the conditions of probation imposed upon her by California. Hearne and the State Bar shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.[2]

_____Pickering_____, C.J.
Pickering

_____Gibbons_____, J.
Gibbons

_____Hardesty_____, J.
Hardesty

_____Parraguirre_____, J.
Parraguirre

_____Douglas_____, J.
Douglas

_____Cherry_____, J.
Cherry

_____

[2]The Honorable Nancy M. Saitta, Justice, did not participate in the resolution of this matter.

cc: David A. Clark, Bar Counsel
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Treva J. Hearne
Perry Thompson, Admissions Office, United States Supreme Court